Fuld, J.
On this appeal, before us as of right on constitutional grounds, we are called upon to decide whether the notice provisions of the Water Supply Act (Administrative Code of City of New York, ch. 41, tit. K) contravene requirements of the Due Process Clause of the Federal Constitution (5th and 14th Arndts.; see, also, N. Y. Const., art. I, § 6).
The City of New York, the defendant herein, early in 1952 instituted a proceeding, pursuant to the Water Supply Act, to acquire the right to divert a portion of the Neversink River in Orange County; in June, the city became vested with such a right, and about a year later, in J une of 1953, work on the actual diversion commenced. Seven years thereafter, the plaintiff, a riparian owner of a parcel of land on the Neversink, brought this action to enjoin the city from diverting the river upstream from her property. It was her position, as reflected in her complaint, that it was not until 1959 that she learned that the city “ had acquired any portion of her property ” and that she had a right to file a claim; that the diversion damaged her property and, if the diversion continued, would occasion further damage; that she had no notice of the city’s proceeding; that the notice provisions of the Water Supply Act are constitutionally inadequate; and that, consequently, the city acquired no right to divert water from the river and should be restrained from so doing.
The city, after serving an answer, moved for judgment on the pleadings (Rules Civ. Prac., rule 112), on the ground (among others) that the plaintiff’s action was barred by her failure to file a claim, as required by the Water Supply Act (Administrative Code, § K41-18.0), within three years from the time title vested in the city or within three years from the time of the actual diversion, whichever happened to be later. The court at Special Term, deciding the motion in favor of the city, dismissed the complaint and the Appellate Division unanimously affirmed the resulting judgment. As already indicated, the plaintiff appeals to this court as of right.
*526 Due process does not, of course, require or insist upon personal service in every type of case. Constitutional demands are satisfied if the notice provided for (and given) is “ reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” (Mullane v. Central Hanover Trust Co., 339 U. S. 306, 314; see, also, Walker v. Hutchinson City, 352 U. S. 112, 115.) And, in determining whether the statutory notice provided for is just and reasonable, “reference” must necessarily be had “to the subject with which the statute deals.” (American Land Co. v. Zeiss, 219 U. S. 47, 67.)
With controlling principles in mind, we believe that the notice provided for by the Water Supply Act satisfies the demands of due process of law. Not only does that statute (the predecessor of which was enacted in 1905) call for frequent publication in “ public newspapers ” — once a week for six weeks in two newspapers published in New York City and in two papers published in each county in which the real estate affected is located—but it also provides for the posting of handbills, likewise for a period of six weeks, “in at least twenty conspicuous places on the line of the aqueduct or in the vicinity of the real estate so to be taken or affected ” (§ K41-8.0).
These requirements were fully complied with — notice of the proposed diversion of the Neversink River was published in appropriate newspapers and, as noted by the Appellate Division, ‘ ‘ handbills were posted in at least 20 conspicuous places in the vicinity of the real estate affected ”.[1] Moreover, since we deal with real property (cf. Mullane v. Central Hanover Trust Co., 339 U. S. 306, 316, supra), it is of considerable significance that the effect of the challenged diversion was clearly apparent long before the expiration of the three-year period within which *527 the plaintiff was required to file her claim. In sum, as Justice Reynolds, speaking for a unanimous Appellate Division, observed, “ the publications, posting and the patently visible effect of the diversion proceedings on the Neversink over a three-year period would constitute sufficient notice to meet * * * [constitutional] requirements ”.[2]
In the light of what we have written, it is hardly necessary to say that the present case, concerned as it is with notice respecting the tangible and the visible, is quite unlike the Mullane case (339 U. S. 306, supra).
The judgment appealed from should be affirmed, with costs.

. As to the plaint that the handbills were posted in the month of January and might not be readable in July when a Summer resident such as the plaintiff returned to the area, we need but note that these handbills were printed with permanent ink on durable cloth, about 28 inches long and 18 inches wide, and were firmly affixed to the trees and poles to which they were attached and that they undoubtedly remain legible for years. And, with respect to the notice in the newspapers, we would but add that no newspaper is published in the particular community in which the plaintiff’s property is situated.

. The fact that a considerable number of property owners failed to present damage claims within the time specified by the statute is beside the point. What the situation may have been in these eases, we are not told and we do not know. It may well be that the omission to file indicated, not that the owners were unaware of the diversion, but that they did not believe that their properties were sufficiently affected to justify the presentation of claims.